UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FLORES; JUANA FLORES; GIOVANNI FLORES, a minor, by and through his Guardian Ad Litem; and ABIGAIL FLORES, a minor, by and through her Guardian Ad Litem,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVEN SHEPHARD; CITY OF NATIONAL CITY, a municipality,<br><br>Defendants. | CASE NO. 04cv2337-IEG(NLS)<br><br>Order Directing Clerk to Enter Judgment in Favor of Plaintiff Antonio Flores; Directing Clerk to Enter Judgment in Favor of Defendant on Claims by Remaining Plaintiffs |

Following a jury trial on the Plaintiffs' claims in this case, on October 2, 2008, the jury returned a special verdict. The jury found in favor of Defendant Steve Shephard on the claims asserted by Plaintiffs Juana Flores, Giovanni Flores, or Abigail Flores. However, the jury found that Defendant Steve Shephard unreasonably detained Plaintiff Antonio Flores in violation of his constitutional right. The jury found that the unreasonable detention was not a substantial factor in causing harm to Plaintiff Antonio Flores, and therefore awarded no damages.

The Court instructed counsel for Defendant to submit a proposed form of judgment to be entered by the Court based upon the jury's verdict. Counsel for Defendant submitted the proposed

///

///

form of judgment, asking the Court to order enter judgment as follows:

> IT IS ORDERED, ADJUDGED and DECREED that plaintiffs shall take nothing, and that defendants City of National City, and Steve Mike Shephard, shall recover from plaintiffs defendants' costs of this action.

Plaintiffs' counsel objected to this proposed form of judgment, arguing it failed to provide for an award of nominal damages in favor of Plaintiff Antonio Flores based upon the jury's finding that Officer Shephard unreasonably detained Flores in violation of his Constitutional right. In order to address this issue prior to the entry of judgment, the Court directed the parties to submit post-trial briefs. The parties have now filed those briefs.

A hearing was held before Chief Judge Irma E. Gonzalez on November 21, 2008. Based upon all of the arguments presented by the parties, the Court directs the Clerk to enter judgment in favor of Plaintiff Antonio Flores, and to enter judgment in favor of Defendant on the claims raised by the remaining Plaintiffs.

### *Background*

Plaintiffs at trial presented evidence in support of their claim that Defendant Steven Shephard of the National City Police Department unreasonably detained them in violation of their Constitutional right. The Court instructed the jury regarding the elements of Plaintiffs' claim under 42 U.S.C. § 1983 and the standard to be applied to determine if Steven Shephard unreasonably detained any of the Plaintiffs in violation of their Constitutional right. [Jury Instructions, Doc. No. 213, Instruction Nos. 10, 12, and 12A.] The Court also instructed the jury regarding the measure of damages. [Id., Instruction Nos. 14 and 15.] Finally, the Court instructed the jury regarding nominal damages as follows:

> The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

[Id., Instruction No. 16.]

The Court provided the jury with a special verdict form. As to Plaintiff Antonio Flores, the verdict form asked the jury to determine the following three questions:

///

///

1. Did Steve Mike Shephard unreasonably detain plaintiff Antonio Flores in violation of his Constitutional right?
   If your answer to question 1 is yes, then answer question 2. If you answered no, answer no further questions in this section . . . .

2. Was Steve Mike Shephard's unreasonable detention a substantial factor in causing harm to Antonio Flores?
   If your answer to question 2 is yes, then answer question 3. If you answered no, answer no further questions in this section . . . .

3. What are Antonio Flores' reasonable damages?

[Jury Verdict, Doc. No. 214.]

The jury responded to the first question in the affirmative, finding that Steve Mike Shephard did unreasonably detain plaintiff Antonio Flores in violation of his Constitutional right. The jury found, however, that the detention was not a substantial factor in causing harm to Antonio Flores. Although the verdict form instructed the jury that if they answered no to question 2 they should answer no further questions, the jury nonetheless answered question 3, stating Antonio Flores' reasonable damages were zero. [Jury Verdict, Doc. No. 214.]

Based upon the jury's responses to the special verdict form, Defendants ask the Court to enter judgment in their favor and against Plaintiffs on all claims. Plaintiff Antonio Flores, by contrast, argues the Court is required by controlling law to enter judgment in his favor for nominal damages based upon the jury's finding that Steve Shepard violated his Constitutional right.

### *Discussion*

The Ninth Circuit has unequivocally held that where a plaintiff proves a violation of his constitutional rights, he is entitled to an award of nominal damages as a matter of law. In Floyd v. Laws, 929 F.2d 1390 (9th Cir. 1991), a mother and her minor children brought an action against police under § 1983 alleging unlawful arrest, use of unreasonable force in making the arrest, and interference with family relations. As in this case, the jury in Floyd returned a special verdict form finding the defendants violated the mother's constitutional rights. The jury further found the mother suffered no actual damage as a result of the defendants' actions. As in this case, notwithstanding instructions in the jury form to skip the next question regarding the amount of damages, the jury in Floyd moved to the next question and awarded plaintiff $7,500 in damages.

The trial court in <u>Floyd</u> declared the jury's award of $7,500 in damages to be surplusage, because the jury disregarded explicit instructions in the special verdict form not to answer the question regarding actual damages if it found the plaintiff suffered no actual injury. Furthermore, even though the jury found defendants' had violated the mother's rights, the trial court in <u>Floyd</u> entered judgment for defendants.

The Ninth Circuit reversed. First, the appellate court addressed the role of the court when faced with seemingly inconsistent answers to a special verdict form.  Under such circumstances, the Ninth Circuit noted

> A court has a duty under the seventh amendment to harmonize those answers, if such be possible under a fair reading of them. . . . A court is also obligated to try to reconcile the jury's findings by exegesis, if necessary. Only in the case of a fatal inconsistency may the court remand for a new trial.

929 F.2d at 1396 (citing <u>Gallick v. Baltimore & O.R.R. Co.</u>, 372 U.S. 108, 110, 119-20).  Because the jury in <u>Floyd</u> found plaintiff did not suffer any actual injury, and because the special verdict form instructed the jury not to consider the amount of damages to be awarded if it found no actual injury, the Ninth Circuit found the trial court properly struck as surplusage the jury's award of $7,500 in damages.

The Ninth Circuit then considered the trial court's refusal to enter judgment in favor of plaintiff for nominal damages.  The Ninth Circuit found the trial court abused its discretion in failing to award plaintiff $1.00 in nominal damages, and enter judgment in her favor.

> We hold that neither the judge nor the jury has any discretion in this matter, assuming that the jury has reasonably rendered its verdict for the plaintiff. If the jury finds a constitutional violation, an award of nominal damages is mandatory, not permissive. *That a jury might choose to award zero actual damages is irrelevant to the legal question of whether, on the basis of the jury's verdict, the plaintiff was entitled to judgment and nominal damages.* Because Floyd secured a favorable jury verdict on her section 1983 claim against the City of Sherwood, she was legally entitled to judgment with a mandatory nominal damages award of $1.00 as a symbolic vindication of her constitutional right.

<u>Floyd</u>, 929 F.2d at 1402-03 (emphasis added).

Defendants attempt to distinguish <u>Floyd</u> by arguing that although the jury in <u>Floyd</u> intended to award some damages, the jury in this case expressed its determination Plaintiff was

1  entitled to zero damages.[1]  However, the Ninth Circuit in Floyd expressly addressed this situation,
2  stating "[t]hat a jury might choose to award zero actual damages is irrelevant to the legal question
3  of whether, on the basis of the jury's verdict, the plaintiff was entitled to judgment and nominal
4  damages."  929 F.2d at 1402.  Defendants argue the only "reasonable interpretation of the special
5  verdict in this case" is that the jury in fact did not believe Antonio Flores' constitutional rights
6  were violated.  Defendants do not ask the Court to reconcile the apparently inconsistent responses
7  – they instead ask the Court to completely throw out one of those answers. The Court finds no
8  basis upon which it should disregard the jury's determination that Defendant Steven Shephard
9  unreasonably detained Plaintiff Antonio Flores in violation of his Constitutional right.
10  Plaintiff Antonio Flores is entitled to an award of nominal damages as a matter of law.[2]

## *Conclusion*

Based upon the jury's responses to the special verdict form, the Court finds that Plaintiff Antonio Flores is entitled as a matter of law to an award of nominal damages on his claim under 42 U.S.C. § 1983.  The Clerk is directed to enter judgment in favor of Antonio Flores and against Defendant Steven Shephard on his claim under 42 U.S.C. § 1983, and award nominal damages in the amount of $1.00.  The Clerk shall enter judgment in favor of Defendants on the claims of all remaining Plaintiffs.

**IT IS SO ORDERED**.

DATED:  November 21, 2008

IRMA E. GONZALEZ, Chief Judge
**United States District Court**

---

[1] Defendants also argue Plaintiff should have raised the issue of nominal damages at trial before the court discharged the jury. Defendants argue Plaintiff's failure to raise the argument earlier results in a waiver. Defendants' waiver argument is not supported by the case law. See Los Angeles Nut House v. Holiday Hardware Corp., 825 F.2d 1351, 1355 (9th Cir. 1987) (holding that the failure to object to an inconsistency in a special verdict does not waive any rights).

[2] At the hearing, Defendants argued Plaintiff Antonio Flores is not entitled to an award of nominal damages because any such award would be offset against the settlement monies previously paid to Plaintiffs by J.C. Penney.  Defendants are entitled to offset any award in favor of Plaintiffs, including any award of attorneys fees.  Corder v. Brown, 25 F.3d 833, 840 (9th Cir. 1994). However, the Court is aware of no authority precluding it from entering judgment for the nominal damages based upon the jury's verdict.