# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FLORES; JUANA FLORES; GIOVANNI FLORES, a minor, by and through his Guardian Ad Litem; and ABIGAIL FLORES, a minor, by and through her Guardian Ad Litem,<br><br>　　　　　　　Plaintiffs,<br>　vs.<br>STEVEN SHEPHARD; CITY OF NATIONAL CITY, a municipality,<br><br>　　　　　　　Defendants. | CASE NO. 04cv2337-IEG(NLS)<br><br>Order Granting Plaintiffs' Motion to Re-Tax Costs [Doc. 250] |

Plaintiffs move the Court pursuant to Fed. R. Civ. P. 54(d) and Local Civil Rule 54.1(h) to re-tax costs in this case. In particular, Plaintiffs object to the following portions of the Clerk's February 5, 20009 order: (1) the decision to award costs to Defendants against Antonio Flores, (2) the decision to award costs against Juana Flores, and (3) the decision to award costs against Giovanni and Abigail Flores.[1] Defendants have filed an opposition to the motion to re-tax costs and the Plaintiffs have filed a reply. This motion is appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1). For the reasons explained herein, Plaintiffs' motion is GRANTED.

---

[1] In the initial motion, Plaintiffs also objected to the Clerk's denial of costs to Antonio Flores. Plaintiffs, however, withdraw that objection in their reply.

## *Background*

The jury in this case returned a special verdict form finding Officer Steve Shephard unreasonably detained Antonio Flores in violation of his Constitutional right. The jury, however, determined that Officer Shephard did not reasonably detain the remaining Plaintiffs, Juana, Giovanni, or Abigail Flores. The Court entered judgment in favor of Plaintiff Antonio Flores and against Defendant Shephard in the amount of $1.00 for nominal damages. The Court entered judgment in favor of Defendants on the claims of all remaining Plaintiffs, and in favor of Defendant City of National City on the claims of Plaintiff Antonio Flores.

By order filed January 21, 2009, the Court found that although Plaintiff Antonio Flores was the prevailing party as against Officer Steve Shephard, such victory was purely technical. Thus, the Court denied Plaintiff Antonio Flores's motion for attorney's fees and expert witness fees. Thereafter, the Clerk issued an order taxing costs in favor of Defendants City of National City and Steven Shephard and against all Plaintiffs in the total amount of $7,684.08. Plaintiffs timely filed this motion to re-tax costs pursuant to Fed. R. Civ. P. 54(d) and Local Civil Rule 54.1.h.

## *Discussion*

Rule 54(d)(1) of the Federal Rules of Civil Procedure creates a presumption in favor of awarding costs to a prevailing party. The Court, however, has discretion to deny costs. Fed. R. Civ. P. 54(d)(1) ("[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party *unless the court otherwise directs*."). The Court may deny costs where, under the circumstances, an award "would be inappropriate or inequitable." Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003). Circumstances justifying denial of costs include the following: "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) 'the chilling effect of imposing high costs on future civil rights litigants'." Id. (quoting Association of Mexican-American Educators v. California, 231 F.3d 572, 592 (9th Cir. 2000) (en banc)). Other factors relied upon by courts in denying costs include that the issues were close and difficult and that the losing party litigated in good faith. Id.

As an initial matter, the Clerk erred in awarding costs in favor of Officer Steven Shephard and against Antonio Flores because Mr. Flores was a prevailing party based upon the jury's

determination that Officer Shephard unreasonably detained Mr. Flores in violation of his constitutional right. Floyd v. Laws, 929 F.2d 1390, 1402-03 (9th Cir. 1991). In addition, the Court finds it would not be appropriate or equitable to allow the City of National City to recover costs from Plaintiff Antonio Flores or to allow Defendants to recover costs from Plaintiffs Juana, Giovanni, and Abigail Flores. The issues in this case were close and difficult. There were numerous substantial factual disputes regarding what gave rise to Plaintiffs' detention, what information Officer Shephard was relying upon in initially detaining Antonio Flores, what information Officer Shephard possessed when he questioned Plaintiff Juana Flores regarding her identity, the extent to which Plaintiff Juana Flores's Matricular Consular card[2] constituted adequate identification, and whether there was justification for continuing to detain any of the Plaintiffs after Antonio Flores and Juana Flores both provided identification. The underlying incident, which resulted in two of Plaintiffs' relative being deported when Officer Shephard called Border Patrol after they could not provide identification, was highly publicized and raised questions of racial profiling by the City.

Plaintiffs litigated their claims against Defendants in good faith, and in fact prevailed at trial on a portion of those claims. An award of costs in favor of Defendants and against Plaintiffs would have a chilling effect upon future civil rights litigants seeking to hold state officials responsible for alleged violation of their constitutional rights. Furthermore, the Court is particularly concerned about an award of costs in favor of Defendants and against the minor Plaintiffs, who have no ability to sue on their own behalf. The Court finds these factors justify the Court's exercise of its discretion to deny costs to Defendants in this case.

---

[2] Plaintiffs argue the City made material misrepresentations during trial regarding the governing City of National City's police department policy regarding the adequacy of Matricular Consular cards for identification purposes. The City produced two policies, one revised in 1997 and the other revised in 2004. Yet in newspaper articles shortly after the incident, City officials refer to the fact the City's policy had been changed within the prior year (i.e. in 2002), such that it was City policy that police officers should accept Matricular Consular cards for identification purposes. Plaintiffs have not presented any evidentiary foundation for the claim that the City made material misrepresentations during trial. In particular, despite Plaintiffs' claim there was a different policy in effect at the time of the incident, Plaintiffs have not provided a copy of such policy or demonstrated that they asked for and were denied the opportunity to obtain such policy in discovery. As a result, there is no basis upon which the Court could find Defendants made material misrepresentations at trial.

### *Conclusion*

For the reasons set forth herein, the Court finds this is one of those unusual cases where an award of costs in favor of Defendants as the prevailing parties would be inappropriate and inequitable. Therefore, the Court GRANTS Plaintiffs' motion to retax costs, and vacates the Clerk's order taxing costs in favor of Defendants.

**IT IS SO ORDERED**.

**DATED:  March 5, 2009**

*(signature)*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**